IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JERRY BLANEY | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0893-B |
| | § | |
| JUDGE OVARD, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This is a civil action brought by Jerry Blaney, a Texas prisoner, demanding that felony charges be brought against the judge who presided over his state criminal trial and two prosecutors involved in that case. On April 4, 2011, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*.[1] The court now determines that this action should be summarily dismissed, and plaintiff should be sanctioned $100.00 for abuse of the judicial system.

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff filed his complaint in the Tyler Division of the Eastern District of Texas. On April 28, 2011, the case was transferred to the Dallas Division of the Northern District of Texas. *Blaney v. Ovard*, No. 6-11-CV-168 (E.D. Tex. Apr. 28, 2011).

*Id.* § 1915A(b). "[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007). In order for a private right of action to exist, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Not only has plaintiff failed to adequately plead a violation of any state or federal criminal statute, but he cannot maintain a private right of action as a result of any such violation. *Id.*, *quoting Johnson v. Kegans*, 870 F.2d 992, 1005 n.4 (5th Cir.), *cert. denied*, 109 S.Ct. 3250 (1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body"). Consequently, his complaint should be summarily dismissed for failure to state a claim upon which relief can be granted.

The court notes that this is the *sixth* lawsuit filed by plaintiff demanding that felony charges be brought against various judges and others who were involved in his state criminal trial and appeal. Four prior cases were summarily dismissed on initial screening. *See Blaney v. Myers*, No. 3-08-CV-1869-P, 2009 WL 400092 at *3 (N.D. Tex. Feb. 17, 2009); *Blaney v. Thaler*, No. 3-10-CV-1541-N, 2010 WL 5094315 at *2 (N.D. Tex. Nov. 12, 2010), *rec. adopted*, 2010 WL 5093948 (N.D. Tex. Dec. 13, 2010); *Blaney v. Fifth Dist. Court of Appeals*, No. 3-10-CV-2516-B, 2010 WL 5557498 (N.D. Tex. Dec. 13, 2010), *rec. adopted*, 2011 WL 61619 (N.D. Tex. Jan. 6, 2011); *Blaney v. Ovard*, No. 3-11-CV-0223-L, 2011 WL 766603 (N.D. Tex. Feb. 24, 2011).[2] Although plaintiff has been repeatedly told that "violations of criminal statutes do not give rise to a private right of action[,]" *see*

---

[2] A fifth case was dismissed without prejudice for want of prosecution. *Blaney v. Ovard*, No. 3-10-CV-2364-P (N.D. Tex. Feb. 17, 2011).

*Blaney*, 2010 WL 5557498 at *1, he persists in filing frivolous lawsuits demanding that felony charges be brought against state court judges. In a recent case, plaintiff was warned that "sanctions may be imposed if he files any other lawsuits against the judges involved in his state criminal trial and appeal." *Blaney*, 2011 WL 766603 at *1. Plaintiff responded by filing objections which the district judge characterized as "a diatribe of vitriol and disrespect directed at the court[.]" *See Blaney*, No. 3-11-CV-0223-L, or. at 1 (N.D. Tex. Mar. 9, 2011). As a sanction, plaintiff was barred from filing any further pleadings in that case, except for an appeal or documents related thereto. *Id.*, or. at 1-2. Just one month after he was sanctioned, plaintiff filed the instant action in the Eastern District of Texas.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003) (citing cases). Despite repeated warnings, plaintiff continues to file frivolous lawsuits against the judges and others involved in his state criminal trial. To deter such conduct in the future, plaintiff should be sanctioned $100.00 and barred from filing any civil actions in federal court until the sanction is paid.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915A(a). In addition, plaintiff should be sanctioned $100.00 and barred from filing any civil actions in federal court until this sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 19, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE